```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                  CORPUS CHRISTI DIVISION

ROMEO ROSAS,                      §
                                  §
     Petitioner,                  §
                                  §
vs.                               §    C.A. NO. C-06-450
                                  §
NATHANIEL QUARTERMAN,             §
Director, Texas Department        §
of Criminal Justice,              §
Correctional Institutions         §
Division,                         §
                                  §
     Defendant.                   §
```

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

On March 1, 2007, United States Magistrate Judge Brian L. Owsley signed a Memorandum and Recommendation recommending that Respondent's "Motion for Summary Judgment" (D.E. 17) be granted, and that Petitioner's "Petition for Writ of Habeas Corpus" (D.E. 1) be dismissed with prejudice. (D.E. 20.) The Memorandum and Recommendation further recommended that Petitioner be denied a certificate of appealability. On March 13, 2007, Petitioner filed objections to Magistrate's recommendations. (D.E. 21.)

Having reviewed the findings of fact and conclusions of law therein, as well as the pleadings on file and Petitioner's objections, and having made a *de novo* disposition of those portions of the Magistrate Judge's recommended disposition to which objections were raised, see Koetting v. Thompson, 995 F.2d 37 (5th Cir. 1993); 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b), the Court hereby adopts as its own the findings and conclusions of the

Magistrate Judge.

Petitioner objects to the Magistrate's Recommendation on the grounds that he is not challenging his parole decision, but rather is challenging the Respondent's allegedly-false labeling of him as a gang member.  Petitioner asserts that he has "a right to be free from false . . . statements made by [Texas Department of Criminal Justice] staff".  (See D.E. 21 at 1.)  This objection is unpersuasive, however, because an inmate's contention that prison officials have falsely labeled him a gang member fails to state a cognizable constitutional claim.  The Fifth Circuit has rejected the argument that an inmate has a due process right to the removal of false information from his or her prison record. Velasquez v. Woods, 329 F.3d 420, 421-22 (5th Cir. 2003) (the defendants alleged refusal "to expunge false information from [the plaintiff's] prison record" did not involve the violation of a constitutional right) (citing Johnson v. Rodriguez, 110 F.3d 299, 308 & n. 13 (5th Cir 1997)).  Likewise, the Fifth Circuit has specifically held that an inmate's contention that he has been erroneously classified as a gang member does not give rise to a constitutional claim.  Tamez v. Buentello, No. 03-40389, 80 Fed. Appx. 933-934, (5th Cir. Nov. 14, 2003) (unpublished) (finding a claim based upon an "allegedly erroneous classification as a member of the Mexican Mafia prison gang" to be "without arguable merit and . . . frivolous").  This is true even where the inmate claims that his erroneous classification as a gang member has resulted in the prison denying him access to

various prison programs.  See Id. (citing Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996); Malchi v. Thaler, 211 F.3d 953, 957, 959 (5th Cir. 2000); Sandin v. Conner, 515 U.S. 472, 484 (1995)). Therefore, even accepting Petitioner's objections to the Magistrate's Recommendations, he has failed to state a constitutional claim.

Accordingly, it is hereby ORDERED that Respondent's Motion for Summary Judgment (D.E. 17) is granted, and Petitioner's Petition for Habeas Corpus (D.E. 1) is DISMISSED WITH PREJUDICE.  Petitioner is DENIED a certificate of appealability.

The clerk shall enter this order and provide a copy to all parties.

SIGNED this the 23rd day of March, 2007.

_____
Janis Graham Jack
United States District Judge